IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EASTON FALKENTHAL,

                Plaintiff,                      ORDER

    v.

                                          14-cv-856-wmc

MIDWEST REPO CENTER, LLC,
BLACKHAWK COMMUNITY CREDIT
UNION, and PEKIN INSURANCE
COMPANY,

                Defendants.

Before the court is defendants Midwest Repo Center, LLC, Blackhawk Community Credit Union and Pekin Insurance Company's joint motion for order requiring plaintiff Easton Falkenthal to engage in immediate mediation. (Dkt. #37.) Plaintiff asserts claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and related state law claims relating to the repossession of his vehicle. (Compl. (dkt. #1).) To their credit, defendants acknowledge that this is an atypical request, but argue that the particular circumstances at issue here warrant forced mediation.[1] Because this is a fee-shifting case, *see* Wis. Consumer Act, Wis. Stats. Ch. 421-427, *defendants* are incurring the rising cost of plaintiff's attorneys' fees, despite the actual damages available to plaintiff being quite limited. (Defs.' Br. (dkt. #38) 2-3.)

The brief in support of this motion is lengthy, containing information largely immaterial to the present motion, leaving the impression, at least, that defendants hope

---

[1] Defendants cite to the court's Local Rule 3, but that rule simply requires the parties to "consider" alternative dispute resolution. W.D. Wis. Civ. R. 3, http://www.wiwd.uscourts.gov/local-rules-and-administrative-orders#Rule_3__LR_16.6_CJ_:_Alternative_Dispute_Resolution.

to use this motion to color the court's view of the merits of plaintiff's claims as much as to obtain the relief sought. Pertinent to the motion, defendants have also documented their unsuccessful attempts to engage plaintiff in settlement discussions to date, a point plaintiff does not contest.

Instead, plaintiff opposes defendants' motions, arguing that there is no legal authority for forced mediation, and it is contrary to the court's position that "[m]ediation is voluntary and non-binding unless the parties agree otherwise." (Pl.'s Opp'n (dkt. #41) 1-2 (citing court's website).) Plaintiff also maintains that his claims will survive dispositive motions and that this case has important policy implications. Finally, plaintiff argues that the case is not ripe for mediation in any event, pointing to the vastly different views of the parties as to the value of plaintiff's claim, among other differences.

While the court credits defendants' concerns about mounting attorneys' fees, particularly when likely to have to pay both sides costs, the court finds no legal authority to order mediation, nor any practical reason for doing so in light of the valid concerns raised by plaintiff. To the extent defendants are concerned the fee shifting provision is warping plaintiff's motivation to settle, defendants might consider making a binding offer of settlement under Federal Rule of Civil Procedure 68 to resolve plaintiff's claims, or at the very least, to shift some of those costs. *See Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015) (discussing whether a spurned offer of complete compensation under Rule 68 could be used as an affirmative defense). If plaintiff were to change his mind for any reason, Magistrate Judge Peter Oppeneer remains available to conduct the mediation.

ORDER

IT IS ORDERED that defendants' joint motion for order requiring immediate mediation (dkt. #37) is DENIED.

Entered this 1st day of October, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge